UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PARADIGM LIVING CONCEPTS, LLC d/b/a PARADIGM HEALTH, <br><br> Plaintiff, <br><br> vs. <br><br> GREAT LAKES ACQUISITION, CORP. d/b/a GREAT LAKES CARING, a part of the ELARA CARING NETWORK and COMMUNITY HOME HEALTH NETWORK OF INDIANA, LLC, a part of the ELARA CARING NETWORK, <br><br> Defendants. <br><br> vs. <br><br> AMY STONE, a nominal defendant. | Case No.: 1:20-cv-01066 |

## NOTICE OF REMOVAL

Defendants, Great Lakes Acquisition Corp. d/b/a Great Lakes Caring, a part of the Elara Network and Community Home Health Network of Indiana, LLC, a part of the Elara Caring Network, by counsel and pursuant to 28 U.S.C. §§ 1441 & 1446, et seq., hereby respectfully provide their Notice of Removal of this action from the Marion Superior Court, Commercial Court (Indiana), to the United States District Court for the Southern District of Indiana, Indianapolis Division, and, in support thereof, state as follows:

1.   On March 11, 2020, Plaintiff Paradigm Living Concepts, LLC ("Paradigm") commenced this action in the Marion County Superior Court by filing a Complaint entitled *Paradigm Living Concepts, LLC d/b/a Paradigm Health v. Great*

*Lakes Acquisition Corp. d/b/a Great Lakes Caring, a part of the Elara Caring Network and Community Home Health Network of Indiana, LLC, a part of the Elara Caring Network v. Amy Stone, a nominal defendant*, docketed as case number 49D01-2003-PL-010998. A true and accurate copy of the State Court Record is attached hereto as Exhibit A. The Complaint seeks a declaratory judgment that restrictive covenants in "nominal defendant" Amy Stone's employment agreement with Defendant Great Lakes Acquisition Corp. is overly broad and invalid.

2. Defendants received notice of the Summons and Complaint on March 13, 2020 when Paradigm's counsel transmitted a copy to Defendants' Michigan based counsel Kienbaum Hardy Viviano Pelton & Forrest, P.L.C. Thus, under 28 U.S.C. § 1446(b), this Notice of Removal is timely, because it is filed within 30 days of the first date Defendants received the pleadings upon which removal is based.

3. This Court has original subject matter jurisdiction over Plaintiff's Amended Complaint based on diversity of citizenship under 28 U.S.C. § 1332(a), because the parties are completely diverse (with "nominal defendant" Stone properly ignored, or else realigned as a plaintiff because her interest in invalidating her restrictive covenants align with the interests of Plaintiff, who is Stone's current employer) and the amount placed in controversy by Plaintiff's Complaint exceeds $75,000, exclusive of interest and costs.

## Diversity of Citizenship

4. Plaintiff Paradigm Living Concepts, LLC is a limited liability company and its citizenship is determined by the citizenship of each member of the company and not by the state in which the entity is registered or has its principal place of

business. *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). Plaintiff's sole member, according to publicly-available records, is the LLC's current President and CEO Jeff Jarecki. Mr. Jarecki's home is in Indiana according to the LLC records. Therefore, Plaintiff is a citizen of Indiana.

5. The citizenship of Defendant Great Lakes Acquisition Corporation is determined by its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Great Lakes Acquisition Corporation has its principal place of business in Jackson, Michigan and is incorporated in Delaware. Therefore, Defendant Great Lakes Acquisition Corporation is a citizen of Michigan and Delaware.

6. Defendant Community Home Health Network of Indiana, LLC is a limited liability company; as discussed *supra* its citizenship is determined by the citizenship of each member of the company. Defendant Community Home Health Network of Indiana, LLC's sole member is Great Lakes Acquisition Corporation, which as discussed above is a citizen of Michigan and Delaware. Therefore, Defendant Community Home Health Network of Indiana, LLC is a citizen of Michigan and Delaware.

7. Plaintiff has identified its current employee Amy Stone, who is a citizen of Indiana, as a "nominal defendant." Nominal defendants are disregarded for purposes of determining diversity jurisdiction, and do not need to join in a removal petition. *See, e.g.*, *Matchett v. Wold*, 818 F.2d 574, 576 (7th Cir. 1987); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 369 (7th Cir. 1993); *Dalton v. Teva N. Am.*, 891 F.3d 687,

690 (7th Cir. 2018); 14C *Wright, Miller, et al.*, Fed. Prac. & Proc. Juris. § 3730 n. 37 (Rev. 4th ed.).

8.  Even were Ms. Stone not a nominal party, for diversity jurisdiction purposes she must be considered a plaintiff. Diversity jurisdiction does not rest on the "parties' own determination of who are plaintiffs and who are defendants." *City of Indianapolis v. Chase Nat. Bank of City of New York*, 314 U.S. 63, 69 (1941). Rather, courts must "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Id.*; accord, e.g., *Am. Motorists Ins. Co. v. Trane Co.*, 657 F.2d 146, 149 (7th Cir. 1981). Here, Plaintiff's complaint confirms that Ms. Stone's interests are identical to Plaintiff Paradigm and adverse to the Defendants: (1) Ms. Stone entered into an employment agreement containing restrictive covenants with Defendant Great Lakes Acquisition Corp.; (2) she has now been hired by Plaintiff Paradigm; (3) Defendants' lawyer informed Plaintiff Paradigm that Stone is violating her non-competition and non-solicitation obligations she has with Great Lakes Acquisition Corp.; and (4) Plaintiff Paradigm responded by filing this suit seeking a declaration that Stone's Agreement with Great Lakes Acquisition Corp. is not valid, which could allow Ms. Stone to continue working for Paradigm. Ms. Stone, if not a "nominal" party, is functionally a plaintiff.

9.  There is complete diversity in this case as required by 28 U.S.C. § 1332. The named plaintiff Paradigm, and the functional plaintiff Ms. Stone (if she is not disregarded entirely) are both citizens of Indiana. The Defendants are citizens of Michigan and Delaware.

### Amount in Controversy

10. In determining the "amount in controversy," the court looks not only to the "amount sought by plaintiff but the amount at stake to either party to the suit." *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002). The stakes of this suit greatly exceed $75,000, exclusive of interest and costs. The Plaintiff is trying to deprive Defendants of the benefits of an agreement that included non-competition, confidentiality, and non-solicitation clauses. Defendants paid Stone far in excess of $75,000 in wages and bonuses as an employee over her several years of employment, and her hiring was conditioned on her acceptance of the agreement.

Further, Paradigm is a direct competitor of Defendants, and by hiring and retaining the services of Stone, Plaintiff is misappropriating confidential and proprietary information and is attempting to divert Defendants' business to itself, again causing injury in excess of the jurisdictional limit. By way of example, Defendants' expenses incurred in developing and operating its CAREtinuum program alone far exceeds $75,000, before even considering the lost profits from the wrongful diversion of the Defendants' business to Paradigm as a result of the unlawful scheme. And Paradigm's hiring of employees that Ms. Stone improperly solicited only exacerbates this sort of loss, and additionally imposes upon Defendants the additional costs of recruiting, hiring, and training new employees who were improperly solicited away from their current jobs. The jurisdictional threshold is satisfied.

11. A Notice of Filing Notice of Removal and a copy of this Notice of Removal will be filed with the Clerk of the Marion County Superior Court, State of Indiana, as

required by 28 U.S.C. § 1446(d), and copies of the same will be served upon Plaintiff's counsel as verified by the attached proof of service.

12. This is the proper federal judicial district for the removal of this action, because Plaintiff filed its original state court action in Marion County, Indiana.

13. By filing this Notice of Removal, Defendants do not waive any defenses available to them.

WHEREFORE, Defendants, Great Lakes Acquisition Corp. d/b/a Great Lakes Caring, a part of the Elara Network and Community Home Health Network of Indiana, LLC, a part of the Elara Caring Network, by counsel, hereby respectfully provide this notice that this action is removable to this Court from the Marion Superior Court, Indiana, pursuant to 28 U.S.C. §§ 1441 & 1446, seek its removal to this Court, and pray for any and all other necessary and proper relief in the premises. Defendants further pray that there be no further proceedings in this action in the Marion Superior Court, Indiana.

Date: April 6, 2020                        Respectfully submitted,

**/s/Renea E. Hooper**
Renea E. Hooper
Attorney No. 26629-45
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
Tel. (317) 637-1777
Fax (317) 687-2414
rhooper@scopelitis.com

Attorney for Defendants, Great Lakes Acquisition Corp. d/b/a Great Lakes Caring, a part of the Elara Network and Community Home Health Network of Indiana, LLC, a part of the Elara Caring Network

4844-2770-8600, v. 4