UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PARADIGM LIVING CONCEPTS, LLC d/b/a PARADIGM HEALTH, </br></br>    Plaintiff, </br></br>    vs. </br></br>GREAT LAKES ACQUISITION, CORP. d/b/a GREAT LAKES CARING, a part of the ELARA CARING NETWORK and COMMUNITY HOME HEALTH NETWORK OF INDIANA, LLC, a part of the ELARA CARING NETWORK, </br></br>    Defendants. </br></br>    vs. </br></br>AMY STONE, a nominal defendant. | Case No.: 1:20-cv-01066-TWP-DLP </br></br>District Judge Tanya Walton Pratt </br></br>Magistrate Judge Doris L. Pryor |

**Brief in Support of Motion to Transfer Venue Under 28 U.S.C. § 1404
or in the Alternative for Dismissal Under Rule 12(b)(6)**

-1-

## Introduction

Two days after Defendants' counsel spoke with Paradigm's attorney about Amy Stone's breach of her non-competition, non-solicitation, and confidentiality agreements, Plaintiff Paradigm hastily filed this declaratory judgment action seeking to invalidate Stone's contract with Defendants. But that contract contains a Michigan forum selection clause, and Paradigm—by choosing to attack the validity of that agreement—is bound by that forum selection clause. Pursuant to the Supreme Court's holding in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49 (2013), that forum-selection clause should require the transfer of this action to the Eastern District of Michigan, where the suit against Amy Stone for her breach of contract and against Paradigm for its tortious interference is pending.

Alternatively, this Court should dismiss Paradigm's declaratory judgment, which no longer serves any purpose given the parallel substantive proceeding in the Eastern District of Michigan. The Seventh Circuit has expressly held that a court should exercise its discretion to dismiss a lawsuit consisting of nothing but a request for declaratory relief when, as here, the declaratory judgment action was filed in anticipation of a substantive lawsuit that is filed shortly thereafter. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749–50 (7th Cir. 1987).

## Background

In late February 2020, Elara learned that its former account executive Amy Stone was working for Paradigm, using Elara's confidential, competitively sensitive

-1-

information to sell and market Paradigm's services to Elara clients and soliciting Elara employees, all in violation of restrictive covenants she had agreed to. *See* Ex. A, Elara's Federal Complaint ¶¶ 28-32. Elara soon learned that Stone's hiring was part of a larger scheme: Paradigm is hiring former Elara employees with knowledge of Elara's competitively and clinically successful program CAREtinuum, has created an imitation version of CAREtinuum, and is using former Elara account executives to market this imitation product to Elara's clients. *Id.* ¶¶ 33-42.

On March 4, 2020, Elara's counsel sent Paradigm and Stone a copy of the contract and demanded that (1) Stone stop violating her contract; and (2) that Paradigm stop tortiously interfering with that contract. *Id.* ¶ 43. Counsel spoke on the phone on March 9, 2020. *Id.* ¶ 45. During the call, Elara's counsel told Paradigm's counsel of the potential breaches of two other former Elara employees, Mitasha Owens and Lissa Campbell. *Id.* ¶ 46. On a March 11, 2020 follow-up call, Paradigm's counsel said he had a conflict of interest, and would no longer be representing Paradigm. *Id.* ¶ 48. Elara's counsel requested that new counsel contact him by week's end. *Id.* Instead, later that same evening, Paradigm's new attorney—the spouse of the first Paradigm attorney, at a different firm—surreptitiously filed this declaratory judgment action, stating that Elara had "threatened to sue Paradigm for tortious interference with the Employment Agreement" based on its own conduct. R. 1-2, State Complaint, Pg ID 9 (time-stamped 5:41 pm on 3/11/2020) & *id.*, Pg ID 12, ¶ 14.

Stone's contract contains a forum selection clause: "Any controversy, claim or dispute arising out of or relating to this Agreement shall be litigated solely in a state

or federal court located in Michigan." R. 1-2, Stone Contract (Exhibit 1 to State Complaint), Pg ID 21, ¶ 16. Consistent with this forum selection clause, on March 25, 2020, Elara sued—in the Eastern District of Michigan—Amy Stone, and another former Elara employee, asserting breach of contract, unfair competition through tortious interference, conspiracy, and unjust enrichment. Ex. A, Elara's Federal Complaint ¶¶ 51-85. Paradigm, by contrast, filed its declaratory judgment action seeking to invalidate Stone's contract in Marion County, Indiana state court. R. 1-2, State Complaint. Elara now moves to transfer this declaratory judgment action to the Eastern District of Michigan in light of the forum-selection clause, or to dismiss due to the pending substantive action raising the same issues.

## Argument

**I. Paradigm is bound by the forum selection clause in the contract it is trying to invalidate, and under *Atlantic Marine* that forum selection clause must be given effect through a transfer of venue.**

**A. Paradigm is bound by the forum selection clause.**

It is well-established that a non-party to a contract is bound by its forum-selection clause if that party is "closely related to the dispute such that it becomes foreseeable that it will be bound." *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir. 1993). Thus, in *Hugel*, two companies that were non-signatories to the contract, but which involved themselves in a dispute between the contract signatories and then claimed tortious interference arising out of the contract, were bound by the forum selection clause in a subsequent suit. *Id*. The *Hugel* court also rejected the argument that a tortious-interference claim was not covered by the forum selection clause, for

"if the duty arises from the contract, the forum selection clause governs the action." *Id.*

Based on this reasoning, courts have held that a non-party suing on a contract containing a forum-selection clause is bound by that clause, including in cases indistinguishable from this one. *See Hy Cite Corp. v. Advanced Mktg. Int'l, Inc.*, 2006 WL 3377861 (W.D. Wis. Apr. 10, 2006). In *Hy Cite*, an employer filed a declaratory judgment action seeking a ruling that its competitor's employment contracts were unenforceable, and that it did not tortiously interfere with those contracts by hiring the defendant's ex-employees. *Id.* at *1. The court—applying *Hugel*—held that because the new employer's claim depended on the alleged invalidity of the employment contracts, it was bound by the forum-selection clause in those contracts. *Id.* at *5. *See also, e.g.*, *Stiles v. Bankers Healthcare Grp., Inc.*, 637 F. App'x 556, 558, 561-62 (11th Cir. 2016) (non-signatory declaratory judgment plaintiff seeking to void contract was bound by its forum selection clause); *Europa Eye Wear Corp. v. Kaizen Advisors, LLC*, 390 F. Supp. 3d 228, 232 (D. Mass. 2019) (non-signatory declaratory-judgment plaintiff whose claim required interpretation of defendant's contract bound by the contract's forum selection clause; case transferred as a result); *St. Jude Med., S.C., Inc. v. Biosense Webster, Inc.*, 2012 WL 1576141, at *5 (D. Minn. May 4, 2012) (holding employer bound by forum-selection clause in its new employee's contract with ex-employer, where it had brought a declaratory judgment action seeking to void that contract).

Under this authority, Paradigm is bound by the forum selection clause in Amy Stone's contract, and must litigate this matter in Michigan. It affirmatively filed this declaratory judgment action asking the Court to declare that Stone's employment contract with Great Lakes Caring (now part of the Elara Caring network) is invalid. R. 1-2, State Complaint, Pg ID 12-13, ¶¶ 16-21. It concedes that the *reason* it filed the declaratory judgment action was because it knew Elara would be imminently suing Paradigm for tortiously interfering with the contract by retaining Stone and permitting her to solicit employees on Paradigm's behalf. *Id.* ¶ 14. Indeed, Stone and Paradigm's interests are wholly aligned here: Paradigm wants to retain Stone despite her non-compete agreement, and it wants a ruling that the non-compete agreement is unenforceable so that Stone can continue to solicit Elara employees and clients on Paradigm's behalf. *See id.* ¶¶ 13-15.[1] Based on the cited authority, Paradigm cannot join with Stone in seeking to invalidate Stone's non-compete while avoiding the forum-selection clause contained in Stone's contract. Paradigm is challenging a contract requiring suit in Michigan, and it must be litigated there.

    **B.**     **The remedy for enforcing a forum-selection clause is a transfer under 28 U.S.C. § 1404(a), and this case should therefore be transferred to the Eastern District of Michigan.**

In *Atlantic Marine Construction Co. v. U.S. Dist. Court for the Western District of Texas*, the Supreme Court addressed the "procedure that is available for a defendant in a civil case who seeks to enforce a forum-selection clause," and held that "a forum-

---

[1] As described in the removal notice, Paradigm's naming Stone a nominal *defendant* is legally impermissible, and she should be considered a plaintiff. *See* R. 1, Pg ID 4.

-5-

selection clause may be enforced by a motion to transfer under § 1404(a)." 571 U.S. 49, 52 (2013). There, the plaintiff filed a lawsuit in the Western District of Texas, despite a forum selection clause stating that suits arising under the contract "shall be litigated" in specified courts within Virginia. *Id.* The Court held that when such a forum selection clause applies, the district court should give that clause "controlling weight in all but the most exceptional cases," and "should ordinarily transfer the case to the forum specified in that clause" without reference to the ordinary § 1404(a) factors. *Id.* at 62-63. Under this analysis, the "plaintiff's choice of forum merits no weight" and the court "should not consider arguments about the parties' private interests." *Id.* at 64. And while a court may consider public-interest factors, because "those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual case." *Id.*

Under this authority, the case should be transferred. There is nothing extraordinary about the claims in this case, and the public interest factors—which, again, would not generally be sufficient even if they all favored the plaintiff—are neutral or favor transfer: (1) there are no "administrative difficulties flowing from court congestion" in the Eastern District of Michigan; (2) this is a diversity case governed by Michigan law per the contract, and thus the Eastern District of Michigan is the "forum that is at home with the law," not the Southern District of Indiana; and (3) the "local interest in having localized controversies decided at home" favors a Michigan forum: this is a declaratory judgment lawsuit that asks solely whether a Michigan-based corporation has an enforceable right in a Michigan-based contract

applying Michigan law. *See id.* at 62 n.6 (describing public factors). The case should be transferred to the Eastern District of Michigan, where a lawsuit involving these very claims is now pending.

## II. Alternatively, this Court should dismiss this action, because the issues it raises will be fully litigated in the pending substantive action in the Eastern District of Michigan

Alternatively, the Court could dismiss Paradigm's declaratory judgment action under its well-established authority to dismiss declaratory actions, like this one, that were filed in anticipation of an imminent suit, and no longer serve any purpose because the substantive lawsuit raising the same issues has since been filed. *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 749 (7th Cir. 1987). In *Tempco*, the counsel for Omega alerted Tempco that it was infringing his client's trademark; after discussions broke down, Omega's counsel sent Tempco a letter stating that it had no alternative but to sue. *Id.* at 747. Tempco responded by filing a declaratory judgment action in the Northern District of Illinois claiming it was not infringing, and a few days later, Omega filed its substantive infringement suit in the District of Connecticut. *Id.*

Omega then moved to dismiss the declaratory judgment action, because it had filed a substantive infringement action in Connecticut federal court raising the same issue. *Id.* The district court granted the motion, and the Seventh Circuit affirmed. *Id.* The Seventh Circuit held that the "wholesome purpose of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum," and that a "declaratory judgment is not a prize to the winner of the

race to the courthouse." *Id.* at 750. It thus held that because the plaintiff's declaratory judgment action was "filed in anticipation of" an imminent lawsuit, that substantive lawsuit should be the one to proceed, even though it was filed after the declaratory judgment action was. *Id.*; *see also, e.g.*, *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010) (holding that where "parallel cases involve a declaratory judgment action and a mirror-image action seeking coercive relief," the court "ordinarily give[s] priority to the coercive action, regardless of which case was filed first"). Courts thus routinely dismiss declaratory judgment actions filed in anticipation of more-comprehensive substantive lawsuits filed in other forums. *See, e.g., Inst. for Studies Abroad Inc. v. Int'l Studies Abroad Inc.*, 263 F.Supp.2d 1154, 1157 (S.D. Ind. 2001) (dismissing declaratory judgment suit filed in anticipation of competitor's breach of contract claim); *Patton Elec. Co. v. Rampart Air, Inc.*, 777 F. Supp. 704, 708 (N.D. Ind. 1991) (dismissing anticipatory declaratory judgment action, noting the "disincentives to responsible litigation" if such tactics by declaratory-judgment plaintiffs were permitted); *Coll. Network, Inc. v. CollegeNET, Inc.*, 2008 WL 11383407, at *4 (S.D. Ind. Nov. 5, 2008) (dismissing declaratory judgment action, stating the "court will not reward [plaintiff] for winning a race to the courthouse using the methods it employed by delaying in responding to a settlement proposal").

Here, dismissal would be appropriate. There can be no question that this declaratory judgment action was filed in anticipation of an imminent lawsuit: Paradigm *admits as much* in its complaint. R. 1-2, State Complaint, Pg ID 12, ¶ 14.

That lawsuit has now been filed; it names both Paradigm and Stone, and it rests on Stone's breach of her contract, with Paradigm free to argue the same (erroneous) contract invalidity arguments it wants to raise in this forum to avoid tortious-interference liability. *See* Ex. A, Federal Complaint. And the circumstances of the declaratory action's filing itself is suggestive of irresponsible litigation tactics: midway through just-started negotiations, Paradigm's original counsel claimed he had a "conflict" and could no longer discuss the matter with Elara's counsel. Elara's counsel asked to be able to continue the conversation with the new lawyer. Instead, that same evening, the new counsel—who happens to be the spouse of the original counsel—filed the declaratory judgment lawsuit without any warning, knowing that Elara believed that the just-started negotiations were ongoing. *See supra* p. 2. That conduct should not be rewarded. If this action is not transferred, it should be dismissed.

## Conclusion

Paradigm hastily filed this lawsuit, seeking to invalidate a Michigan contract with a Michigan forum selection clause before the Defendants could file their own lawsuit against Paradigm. That lawsuit has now been filed in the Eastern District of Michigan. Well-established principles of law require that this case be transferred to the Eastern District of Michigan as well, if not dismissed outright.

Date: April 10, 2020	Respectfully submitted,

/s/*Renea E. Hooper*
Renea E. Hooper
Attorney No. 26629-45
SCOPELITIS, GARVIN, LIGHT,
 HANSON & FEARY, P.C.
10 West Market Street, Suite 1400
Indianapolis, IN 46204
(317) 637-1777
rhooper@scopelitis.com

Eric J. Pelton (*admitted pro hac vice*)
Thomas J. Davis (*admitted pro hac vice*)
KIENBAUM HARDY VIVIANO
 PELTON & FORREST, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI  48009
(248) 645-0000
epelton@khvpf.com
tdavis@khvpf.com

Attorneys for Defendants

4810-7165-5609, v. 1