UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PARADIGM LIVING CONCEPTS, LLC d/b/a PARADIGM HEALTH, <br><br> Plaintiff, <br><br> v. <br><br> GREAT LAKES ACQUISITION CORP. d/b/a GREAT LAKES CARING a part of the ELARA CARING NETWORK and COMMUNITY HOME HEALTH NETWORK OF INDIANA, LLC a part of the ELARA CARING NETWORK <br><br> Defendants. | Case No. 1:20-cv-01066-TWP-DLP |

**PLAINTIFF'S VERIFIED RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE OR IN THE ALTERNATIVE FOR DISMISSAL
& CONSENT TO TRANSFER**

Defendants, Great Lakes Acquisition Corp. d/b/a Great Lakes Caring, a part of the Elara Caring Network ("GLC" or "Elara Caring") and Community Home Health Network of Indiana, LLC, a part of the Elara Caring Network ("Community")(collectively "Defendants") omitted material facts from their Motion to Transfer Venue or in the Alternative for Dismissal, misstated the facts, and engaged in ad hominem attacks on counsel for Plaintiff, Paradigm Living Concepts, LLC d/b/a Paradigm Health ("Paradigm"), accusing the undersigned of "irresponsible litigation" and surreptitious filings. [ECF Doc. 12 & 13]. While, as stated below, Paradigm consents to transfer this matter, pursuant to 28 U.S. Code § 1404(b), to the later filed and broader substantive lawsuit brought by GLC in Michigan federal court (the "Michigan Action"),[1]

---

[1] The lawsuit was filed by GLC, on March 25, 2020, in the Eastern District of Michigan, Southern Division, Case No. 20-10781, against Paradigm, Amy Stone and Mitasha Owens.

1

Paradigm feels compelled to address the inaccurate "facts" presented and omission of relevant and material facts by Defendants.

Defendants would have this Court believe that Paradigm filed its declaratory judgment action for no good reason. What Defendants failed to tell the Court is that GLC/Elara Caring's attorneys sent a letter to Amy Stone ("Stone")[2] on March 4, 2020, demanding that she *immediately resign* from her employment with Paradigm. A true and accurate copy of the letter is attached as Exhibit A. GLC/Elara Caring's attorneys told Stone that she was in breach of her non-compete obligations in her employment agreement, that she "should not be employed with Paradigm" and that she should *immediately end her employment* with Paradigm. See Exhibit A. GLC/Elara Caring's attorneys also sent a letter to Paradigm advising Paradigm of the matter and threatening immediate action if Paradigm continued to employ Stone. A true and accurate copy of the letter is attached as Exhibit B. Defendants' omission of these material facts from their motion and supporting brief lacks any reasonable rationale and paints Paradigm in an unfair and prejudicial light.

After receiving GLC's threatening letters, Paradigm notified its attorney, Patrick Mastrian at Ogletree Deakins, who, in turn, reached out to GLC's attorney to discuss the matter. No resolution had been reached and Paradigm felt that litigation would be necessary or was imminent. At the same time, Mr. Mastrian learned of a potential conflict and referred the matter to the undersigned counsel.[3]

This is obviously a very challenging time for health care providers, like Paradigm, given the current pandemic. Paradigm is trying to devote its resources to its home care and hospice patients. Given the threats from GLC and demand that Stone's employment be terminated,

---

[2] Stone was employed by GLC/Elara Caring. She worked for GLC/Elara Caring in the central Indiana area, until she resigned in November 2019. She began working for Paradigm in December 2020.

[3] Defendants make much ado about the undersigned counsel being married to Mr. Mastrian.

Paradigm decided to seek certainty as to its rights and responsibilities with respect to Stone. Paradigm made the business decision to file a simple declaratory judgment in Indiana. Indiana is where Paradigm is located. Indiana is where Stone worked for GLC and where Stone works for Paradigm. The GLC and Paradigm referral sources and patients at issue are located in Indiana. The vast majority of witnesses are located in Indiana, and Indiana is where the alleged tortious interference and other actions took place.

GLC responded by filing a broader action in in federal court in Michigan and then moved to transfer this action to the Michigan Action. In the Michigan Action, GLC sued Stone, Owens and Paradigm. Stone and Owens were employed by GLC and now work for Paradigm. Stone and Owens had employments agreements with GLC, which include a Michigan forum selection clause. GLC alleges that Owens and Stone breached the non-compete and non-solicitation provisions of their employment agreements and misappropriated confidential information. GLC claims that Paradigm tortiously interfered with Stone's and Owens's employment agreements and that Paradigm is bound by the forum-selection clauses their employment agreements. Thus, GLC seeks to transfer Paradigm's declaratory judgment action regarding Stone's employment agreement to the Michigan Action.

While Paradigm disagrees with and contests Defendants' allegations,[4] given the broader substantive action and for the sake of conserving judicial resources and Paradigm's resources in this very challenging time, Paradigm consents to transfer this action to the Michigan Action. By consenting to the transfer of this matter, Paradigm does not admit the enforceability of the restrictive covenants at issue or any of the "facts" or allegations made by Defendants. Paradigm expressly contests those matters and reserves all arguments, defenses and claims. Furthermore,

---

[4] Defendants state that Stone used and shared confidential and competitively sensitive GLC information with Paradigm regarding its CAREtinuum program and that Paradigm has created and marketed an "imitation version of CAREtinuum." These allegations are not true and GLC had no basis for making those allegations.

by consenting to the transfer of this matter, Paradigm does not waive or consent to personal or subject matter jurisdiction in any action GLC may bring against Paradigm relating any other employee of Paradigm, including specifically Lissa Campbell ("Campbell"), or any other matter. GLC has threatened to take imminent action against Campbell. However, Campbell's employment agreement has an Indiana forum selection provision and GLC's counsel has stated that any action relating to Campbell would be filed in Indiana because her non-competition agreement calls for enforcement in Indiana.

I AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE AND FOREGOING REPRESENTATIONS ARE TRUE AND CORRECT.

Respectfully submitted,

/s/ Debra A. Mastrian
Debra A. Mastrian (17863-30)
Linda L. Pence (13198-98)
SmithAmundsen LLC
201 N. Illinois Street, Suite 1400
Indianapolis, IN  46204
Phone:  (317) 464-4100
dmastrian@salawus.com
lpence@salawus.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all counsel of record through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Renea E. Hooper
Scopelitis, Garvin, Light, Hanson & Fury, P.C.
rhooper@scopelitis.com

Eric J. Pelton
Thomas J. Davis
Ryan Bohannon
Kienbaum Hardy Viviano Pelton & Forrest, P.L.C.
epelton@khvpf.com
tdavis@khvpf.com
rbohannon@khvpf.com

/s/ Debra A. Mastrian