UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PARADIGM LIVING CONCEPTS, LLC d/b/a PARADIGM HEALTH, <br><br> Plaintiff, <br><br> vs. <br><br> GREAT LAKES ACQUISITION, CORP. d/b/a GREAT LAKES CARING, a part of the ELARA CARING NETWORK and COMMUNITY HOME HEALTH NETWORK OF INDIANA, LLC, a part of the ELARA CARING NETWORK, <br><br> Defendants. <br><br> vs. <br><br> AMY STONE, a nominal defendant. | Case No.: 1:20-cv-01066-TWP-DLP <br><br> District Judge Tanya Walton Pratt <br><br> Magistrate Judge Doris L. Pryor |

**Reply Brief in Support of Motion to Transfer Venue Under 28 U.S.C. § 1404 or in the Alternative for Dismissal Under Rule 12(b)(6)**

Plaintiff Paradigm Living Concepts, LLC now admits that this case should be transferred to the Eastern District of Michigan, where substantive litigation is pending. *See* R. 16, Pg ID 154. And she offers no argument in opposition to the alternate relief requested: that this case should be dismissed due to the pending substantive action. Procedurally, it would be easiest for the Court to dismiss. But if the Court does not, there is now no dispute that the case should be transferred.

The rest of Plaintiff's response brief is a tempest in a teapot. Contrary to Plaintiff's accusation (*id.* at 153), Defendants specifically said that "On March 4, 2020, Elara's counsel sent Paradigm and Stone a copy of the contract and demanded that (1) Stone stop violating her contract; and (2) that Paradigm stop tortiously interfering with that contract. *Id.* ¶ 43." R. 13, Pg ID 89. And Plaintiff's brief does not bother to contest that (a) Elara's counsel specifically thought negotiations were ongoing; (b) had asked Paradigm's outgoing counsel to facilitate those negotiations with incoming counsel; and that (c) the incoming counsel, fully aware of these facts, filed the declaratory judgment action without notice to Elara's counsel. Those are the sort of circumstances that *courts* suggest reflect improper litigation tactics: that is, a putative defendant filing a declaratory judgment action in the wrong forum because it knows it is about to be imminently sued elsewhere. *See id.* at 95. That is what happened here, but it is now beside the point.

## Conclusion

For the reasons set forth in Defendant's motion and brief, this case should be dismissed, or transferred to the Eastern District of Michigan, Southern Division.

Date: April 28, 2020　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ *Eric J. Pelton*
　　　　　　　　　　　　　　　　　　　　　Eric J. Pelton (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　Thomas J. Davis (*admitted pro hac vice*)
　　　　　　　　　　　　　　　　　　　　KIENBAUM HARDY VIVIANO
　　　　　　　　　　　　　　　　　　　　 PELTON & FORREST, P.L.C.
　　　　　　　　　　　　　　　　　　　　280 N. Old Woodward Ave., Ste. 400
　　　　　　　　　　　　　　　　　　　　Birmingham, MI  48009
　　　　　　　　　　　　　　　　　　　　(248) 645-0000
　　　　　　　　　　　　　　　　　　　　epelton@khvpf.com
　　　　　　　　　　　　　　　　　　　　tdavis@khvpf.com

　　　　　　　　　　　　　　　　　　　　Renea E. Hooper
　　　　　　　　　　　　　　　　　　　　Attorney No. 26629-45
　　　　　　　　　　　　　　　　　　　　SCOPELITIS, GARVIN, LIGHT,
　　　　　　　　　　　　　　　　　　　　 HANSON & FEARY, P.C.
　　　　　　　　　　　　　　　　　　　　10 West Market Street, Suite 1400
　　　　　　　　　　　　　　　　　　　　Indianapolis, IN 46204
　　　　　　　　　　　　　　　　　　　　Tel. (317) 637-1777
　　　　　　　　　　　　　　　　　　　　Fax (317) 687-2414
　　　　　　　　　　　　　　　　　　　　rhooper@scopelitis.com

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties on record, and I hereby certify that I have cause to be served via U.S. Mail the foregoing document to the following non-ECF participants:

(No manual recipients)

*/s/Eric J. Pelton*
Kienbaum Hardy Viviano Pelton
  & Forrest, P.L.C.
280 N. Old Woodward Avenue, Suite 400
Birmingham, MI 48009
(248) 645-0000
epelton@khvpf.com
(P40635 – *admitted pro hac vice*)